## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANDREW J. FLATON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:10CV1528 HEA** |
| | ) | |
| **CAROLYN W. COLVIN,**[1] | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review

under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's

applications for Disability Insurance Benefits (DIB) under Title II of the Social

Security Act, 42 U.S.C. §§ 401, *et seq,* and his application for supplemental

security income (SSI) under Title XVI of the Act, 42 U.S.C. § 1381, *et seq.*  For

the reasons set forth below, the Court will affirm the Commissioner's denial of

Plaintiff's applications.

### Facts and  Background

Plaintiff was 27 years old at the time of the hearing.  He had obtained an

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

associates degree in automotive technology.   The ALJ found Plaintiff had the

severe impairments of: a history of anaplastic astrocytoma and sensory hearing

loss.  At the September 24, 2009 hearing, Plaintiff testified that he is not married,

and lives with his grandparents in a house.  He works part time at his father's

business.  Plaintiff testified that he is prevented from working because of fatigue

and hearing loss. Plaintiff was not taking any medication at the time of the

hearing.  Plaintiff drives, cooks once in a while, does dishes, his own laundry,

occasionally changes the oil in his grandpa's car.  Plaintiff testified he can walk

about 5 minutes before tiring and can stand for 30-45 minutes before getting tired.

He can lift about 35 pounds and has no problems sitting.   Plaintiff had had a

benign tumor removed from his spine, but reported that he was having no trouble

as a result thereof.

A vocational expert testified at the hearing.  She testified that, based on

Plaintiff's work history and his limitations, Plaintiff could perform all of his

previous jobs, except for the material handler, which would possibly be too noisy.

The vocational expert testified that the jobs of filing clerk, janitor, assistant office

manager and office manager were within Plaintiff's abilities.

Plaintiff's application for social security and supplemental security income

benefits under Titles II, 42 U.S.C. §§ 401, *et seq*. And XVI of the Act, 42 U.S.C. §

1381, *et seq* was denied on June 24, 2008.  On October 16, 2009, the ALJ issued

an unfavorable decision.  On June 19, 2010, the Appeals Council denied Plaintiff's request for review of the ALJ's decision.  Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the

claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the

- 4 -

claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611.  If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step.  *Id.*.  At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled.  *Moore*, 572 F.3d at 523.  At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy.  *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since January 1, 2006, the alleged onset date.  At Step Two, the ALJ found that Plaintiff had the following severe impairments: a history of anaplastic astrocytoma and

sensorineural hearing loss.  The ALJ also determined that Plaintiff had mild restriction of activities of daily living; mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence or pace.  There was a finding that the record failed to evidence repeated episodes of decompensation.  Further, the ALJ found that the record failed to establish the presence of the "C" criteria ("C" criteria is established when the record evidences a medically documented history of chronic affective disorder of at least two years duration that has caused more than minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psycho social support, and one of the following: 1 repeated episodes of decompensation, each of extended duration; or 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments in the listings.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except that Plaintiff must avoid concentrated exposure to noise because he is deaf in his right ear.

At Step Four, the ALJ determined that Plaintiff was capable of performing past relevant work and therefore, the ALJ did not proceed to Step  Five.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)).  In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision.  *Id.*  However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those

determinations are supported by good reasons and substantial evidence.'" *Id*.
(quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after
reviewing the record, the court finds it is possible to draw two inconsistent
positions from the evidence and one of those positions represents the AL's
findings, the court must affirm the AL''s decision.'" *Partee v. Astrue*, 638 F.3d
860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th
Cir.2005)).  The Court should disturb the administrative decision only if it falls
outside the available "zone of choice" of conclusions that a reasonable fact finder
could have reached.  *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In his appeal of the Commissioner's decision, Plaintiff makes the following
arguments: (1) the ALJ failed to find Plaintiff's spinal tumor a severe impairment
as well as consider the effect of any "non severe" impairments; (2) the ALJ
formulated a conclusory RFC and improperly determined that Plaintiff could
perform his past relevant work; (3) the hearing decision does not include a hearing
loss analysis that is based on substantial evidence or include consideration that the
Plaintiff meets Listing 2.10B; (4) The hearing decision improperly analyzes the
claimant's credibility under 20 CFR § 404.1529(c) and Social Security Ruling 96-
7.

**Severe Impairment and effect of non-severe impairment**

Plaintiff's spinal tumor was not a disabling impairment for more than 12 months.  Indeed, Plaintiff testified that since his surgery, he was not having the same pain as he experienced prior to the tumor's removal.  As the record establishes, Plaintiff experienced pain for approximately three weeks.  The lumbar decompression and excision of the mass occurred about one week after an MRI scan which revealed the mass.

As to the effects of Plaintiff's non severe impairments, the record establishes that Plaintiff has no limitations from his non sever tumor.  Plaintiff himself testified that he did not have any pain as a result of the tumor.

**Conclusory RFC and improper determination that Plaintiff could perform his past relevant work**.

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545.  An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding his symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p.  An ALJ may discredit a claimant's subjective allegations of

disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Plaintiff argues that the ALJ's RFC does not comply with Social Security Regulations because it does not contain a narrative discussion describing how the evidence supports each conclusion reached, *i.e.*, a function by function assessment of Plaintiff's ability to perform work-related activities. *See Depover v. Barnhart,* 349 F.3d 563, 565 (8th Cir.2003).

Plaintiff argues that the ALJ failed to set forth specific limitations as a result of Plaintiff's hearing impairment, despite it being listed as a severe impairment. Quite the contrary, the ALJ's conclusions clearly set out that Plaintiff should avoid concentrated exposure to noise due to his hearing loss.

Plaintiff argues that the ALJ's decision cannot be based on mere conclusory statements.  In essence, Plaintiff is arguing that the ALJ failed to provide a function-by-function assessment.  This argument is without merit.  In determining Plaintiff's RFC, the ALJ referenced light work as that "defined in 20 C.F.R. §

404.1567(a)." The ALJ discussed Plaintiff's daily activities and his ability to perform household chores. He walks without the use of an assistive device. Plaintiff is able to engage in part time work. Plaintiff does not take pain medication and has a hearing aid for his left ear. Plaintiff has not sought mental health care. The ALJ concluded that based upon the record as a whole, Plaintiff is able to continue to perform his previous light work jobs.

The Eighth Circuit has held that an ALJ does not fail in his duty to assess a claimant's RFC merely because the ALJ does not explicitly address all functional areas where it is clear he implicitly found the claimant not limited in those areas. *Depover,* 349 F.3d at 567–68. An ALJ may base his RFC determination on all evidence of record. *Pearsall v. Massanari,* 274 F.3d 1211, 1217–18 (8th Cir.2001) (citing *Anderson v. Shalala,* 51 F.3d 777, 779 (8th Cir.1995)). Social Security Ruling 96–8p specifically requires that an RFC determination include "a narrative discussion describing how the evidence supports each conclusion." Although an RFC is a medical determination, in making this determination the ALJ must rely not only on medical evidence but on all relevant, credible evidence. *McKinney,* 228 F.3d at 863.

As discussed above, the medical evidence supports the ALJ's determination, and the ALJ thoroughly considered and discussed this evidence in rendering his

decision.  Overall, the ALJ's determination is both fully supported and sufficiently

explained.  The Court upholds the ALJ's determination of Plaintiff's RFC.

**Listing 2.10B**

As Defendant argues, Listing 2.10B is not applicable to Plaintiff's case.  His

argument based on Listing 2.10B, therefore is without merit.  Under Listing 2.08,

the ALJ properly considered the record as a whole.

**Claimant's credibility under 20 CFR § 404.1529(c) and Social Security Ruling**

**96-7**

When analyzing a claimant's subjective complaints of pain, the ALJ must

consider the five factors from *Polaski v. Heckler*: (1) the claimant's daily

activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating

and aggravating factors; (4) dosage, effectiveness and side effects of medication;

and (5) functional restrictions. See 739 F.2d 1320, 1322 (8th Cir.1984); see also

20 C.F.R. §§ 404.1529, 416.929. "The ALJ [is] not required to discuss

methodically each *Polaski* consideration, so long as he acknowledge[s] and

examine[s] those considerations before discounting [the claimant's] subjective

complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir.2000). "Because the ALJ

[is] in a better position to evaluate credibility, we defer to his credibility

determinations as long as they [are] supported by good reasons and substantial

evidence." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ discussed his reasons for his conclusions.  The ALJ observed that Plaintiff did not seek  treatment for alleged mental impairments.   Plaintiff was without pain medication. Plaintiff sought  medical treatment on an infrequent basis.

With regard to Plaintiff's activities, Plaintiff testified that he cares for his daughter half of the time, he does some laundry, can change the oil in his grandpa's jeep, and he works part time for his father.  He is able to drive a car The Court finds that the ALJ's determination was based on substantial evidence of record and properly included only Plaintiff's credible limitations.  *See Wildman,* 596 F.3d at 966.

<u>Conclusion</u>

After careful examination of the record, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and

- 13 -

Order is entered this same date.

Dated this 22nd day of October, 2013.

_____
**HENRY EDWARD AUTREY**
**UNITED STATES DISTRICT JUDGE**